# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

Isaac McManus,

        **Plaintiff,**

v.                                                   **Case No. 3:19-cv-066**
                                                          **Judge Thomas M. Rose**

Smith & Nephew, Inc., *et al.*,

        **Defendants.**

---

## ENTRY AND ORDER GRANTING MOTION TO DISMISS, ECF 8, AND TERMINATING CASE.

---

Pending before the Court is Defendant Smith & Nephew, Inc.'s Motion to Dismiss. ECF 8. Defendant's motion asks the Court to dismiss the complaint in its entirety. Because Plaintiff's common law and equitable claims are preempted by the Ohio Product Liability Act, ("OPLA"), Ohio Rev. Code § 2307.71, et seq., and because the statute of limitations has run on Plaintiff's OPLA claims, Defendant's motion to dismiss will be granted.

## I. Background

On December 18, 2013 Plaintiff Isaac McManus underwent surgery for a total left knee arthroplasty at the Jewish Hospital, Mercy Health Partners in Cincinnati, Ohio. Complaint at ¶16. Complaint at ¶15. Dr. Frank R. Noyes, M.D implanted Defendant's knee replacement product, the Journey system. See Complaint at ¶¶16, 17. On August 16, 2016, allegedly due a failure of the device, Dr. Thomas Cook performed a revision surgery at Good Samaritan Hospital in Dayton Ohio. Complaint at ¶ 21.

On February 1, 2019, Plaintiff filed a complaint against Defendant in the Montgomery County Court of Common Pleas asserting claims of Negligence (Count I), liability for defective design pursuant to the Ohio Product Liability Act, Ohio Rev. Code. §§ 2307.71-80 (Count II), Defective Manufacture under the Ohio Product Liability Act (Count III), Failure to Warn under the Ohio Product Liability Act (Count IV), Breach of Express Warranty (Count V), Breach of Implied Warranty (Count VI), Fraudulent Misrepresentation (Count VII), Fraudulent Concealment (Count VIII), Negligent Misrepresentation (Count IX), Unjust Enrichment (Count X), and a claim for punitive damages (Count XI).

Defendant has moved the Court pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the complaint. ECF 8.

## II. Legal Standard

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Shirk v. Fifth Third Bancorp*, No. 05-cv-049, 2008 U.S. 3 Dist. LEXIS 108089, at *15 (S.D. Ohio Sep. 26, 2008).   A complaint need only give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id.

Rule 8 of the Federal Rules of Civil Procedure provides in part that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).   When considering a motion under Rule 12(b)(6) to dismiss a pleading for failure to state a claim, a court must determine whether the complaint "contain[s] sufficient factual matter, when accepted as true, 'state[s] a claim to relief

that is plausible on its face.'" *Reilly v. Meffe*, 6 F. Supp. 3d 760, 768 (S.D. Ohio 2014); (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court should construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Iqbal*, 556 U.S. at 679; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Twombly*, 550 U.S. at 555-56.

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Reilly v. Meffe*, 6 F. Supp. 3d 760, 769 (S.D. Ohio 2014). When the complaint does contain well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. Although "[s]pecific facts are not necessary," *Erickson*, 551 U.S. at 93, and even though Rule 8 "does not impose a probability requirement at the pleading stage," *Twombly*, 550 U.S. at 556, the factual allegations must be enough to raise the claimed right to relief above the speculative level and to create a reasonable expectation that discovery will reveal evidence to support the claim. *Iqbal*, 556 U.S. at 4 678-79; *Twombly*, 550 U.S. at 555-56. This inquiry as to plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). *Meffe*, 6 F. Supp. 3d at 768-69.

**III. Analysis**

Defendant asserts Plaintiff's claims for Negligence, Breach of Express Warranty, Breach of Implied Warranty, Fraudulent Misrepresentation, Fraudulent Concealment, Negligent Misrepresentation, and Unjust Enrichment, are product liability claims which have been abrogated by the Ohio Product Liability Act ("OPLA"), codified in the Ohio Revised Code at § 2307.71 et seq. The current version of the OPLA was enacted on April 7, 2005 and was "intended to abrogate all common law product liability claims or causes of action." Ohio Rev. Code § 2307.71(B). As defined within the OPLA:

> "Product liability claim" means a claim that is asserted in a civil action pursuant to sections 2307.71 to 2307.80 of the Revised Code and that seeks to recover compensatory damages from a manufacturer or supplier for death, physical injury to person, emotional distress, or physical damage to property other than the product in question, that allegedly arose from any of the following: (a) The design, formulation, production, construction, creation, assembly, rebuilding, testing, or marketing of that product; (b) Any warning or instruction, or lack of warning or instruction, associated with that product; (c) Any failure of that product to conform to any relevant representation or warranty.

Ohio Rev. Code § 2307.71(A)(13). In broadly defining "product liability claim," the Ohio General Assembly mandated that all claims arising from the design, manufacturing, marketing, warning, warranty or representation of a product are to be treated as "product liability claims" exclusively defined, remedied, and governed by the OPLA. See *Beckemeyer v. Gelco Corp.*, No. 1:17CV695, 2019 WL 952733, at *2 (S.D. Ohio Feb. 27, 2019) citing *Krumpelbeck v. Breg*, Inc., 491 Fed. App'x 713, 715 (6th Cir. 2012) ("The OPLA expressly abolished all common law product liability claims."). As a result, the Court is guided by the essential nature of the substantive allegations of a claim, not the artificial label that a plaintiff attaches to that claim. See, e.g., *Lawyer's Cooperative v. Muething*, 65 Ohio St.3d 273, 277-78 (1992).

"Considering this statutory language, courts have routinely dismissed non-statutory product–liability claims brought under Ohio law." *McKinney v. Microsoft Corp.*, No. 1:10-CV354, 2011 WL 13228141, at *7 (S.D. Ohio May 12, 2011) (dismissing non-statutory product liability claims for fraudulent misrepresentation, fraudulent concealment, negligence, and breach of implied warranty); see also *Hendricks v. Pharmacia Corp.*, No. 2:12-cv-613, 2014 WL 2515478, at *4 (S.D. Ohio June 4, 2014) (noting that claims of negligence, breach of warranty, and negligent misrepresentation are all abrogated by the OPLA); *Crisp v. Stryker Corp.*, No. 09- cv-02212, 2010 WL 2076796 (N.D. Ohio May 21, 2010) (dismissing common law fraudulent misrepresentation and fraudulent concealment claims); *Miles v. Raymond Corp.*, 612 F.Supp.2d 913, 923 (N.D. Ohio 2009) (dismissing common law negligence and breach of implied warranty claims); *Leen v. Wright Med. Tech., Inc.*, No. 3:15-CV-125, 2015 WL 5545064, at *2 (S.D. Ohio Sept. 18, 2015) (dismissing a plaintiff's common law unjust enrichment claim after the appropriateness of dismissal was conceded by the plaintiff); *Tompkin v. Am. Brands*, 219 F.3d 566, 575 (6th Cir. 2000) ("[C]ommon law negligence claims have been preempted by OPLA."); *Hempy v. Breg, Inc.*, No. 2:11-CV-900, 2012 WL 380119, at *3 (S.D. Ohio Feb. 6, 2012) (where the court held that the OPLA preempts Plaintiff's claims for negligence, breach of express warranty, breach of implied warranty of merchantability, and breach of implied warranty of fitness for a particular purpose); *Krumpelbeck v. Breg, Inc.*, 491 Fed. App'x 713, 721, No. 11– 3726, 2012 WL 3241587, at *7 (6th Cir. Aug. 10, 2012) ("Because they were abrogated by the 2005 amendment to the OPLA . . . the district court properly granted summary judgment on [Plaintiff's] common law claims of breach of express warranty, breach of implied warranty, and negligent misrepresentation and fraud."); *In*

*re Heparin Prods. Liab. Litig*., No. 09HC60186, 2011 WL 3873361, at *3 (N.D. Ohio Sept. 1, 2011) (OPLA abrogates negligent misrepresentation claims).

Here, Plaintiff's common law and equitable claims, "seek to recover compensatory damages from a manufacturer or supplier for ... physical injury to person ... that allegedly arose from... the design... production, ... or any failure of that product to conform to any relevant representation or warranty" as the OPLA provides. See Ohio Rev. Code § 2307.71(A)(13); see also ECF 3, Complaint at ¶¶ 29-33, and 117-204.   Plaintiff's Complaint concedes that "[e]ach and every one of Plaintiff's claims for damages relate to [Smith & Nephew's] design, manufacture, sale, testing, marketing, labeling, advertising, promotion, and/or distribution of the Product." (Doc. 3, Complaint at ¶ 5).

Because all of aforementioned claims are "product liability claims," the OPLA provides for Plaintiff's exclusive remedy. Ohio Rev. Code § 2307.71(B) states: "Sections 2307.71 to 2307.80 of the Revised Code are intended to abrogate all common law product liability causes of action."   Thus, Plaintiff's non-statutory claims of Negligence, Breach of Express Warranty, Breach of Implied Warranty, Fraudulent Misrepresentation, Fraudulent Concealment, Negligent Misrepresentation and Unjust Enrichment are all abrogated by the OPLA, and will be dismissed, with prejudice, for failure to state a claim for relief.   While Plaintiff seeks permission to amend the complaint to plead this claim under the Ohio Products Liability Act, this would only be proper if the amended claims could survive a motion to dismiss, which will be analyzed below.

As regards Plaintiff's Fraud Claims, to satisfy the Rule 9(b) standard for pleading fraud, a plaintiff's complaint must: (1) specify the allegedly fraudulent statements; (2) identify the speaker; (3) plead when and where the statements were made; and (4) explain what made the statements

fraudulent." *Rheinfrank v. Abbot Labs.,* No. 1:13-CV-144, 2013 WL 4067826, at *1 (S.D. Ohio Aug. 12, 2013) (citing *Republic Bank & Trust Co. v. Bear Stearns & Co., Inc.*, 683 F.3d 239, 247 (6th Cir. 2012)).   Despite the heightened pleading standard for allegations of fraud, while reviewing a motion to dismiss a court "must construe the complaint in the light most favorable to the plaintiff and treat all well-pleaded allegations contained therein as true." Id. (citing *In re Porsche Cars N. Am., Inc*., 880 F. Supp.2d 801, 814 (S.D. Ohio 2012)).

Challenged to identify precise statements documents or misrepresentations made, Plaintiff directs the Court to paragraphs 145, 148, and 155 of the complaint.   However, none of these paragraphs contain allegedly fraudulent statements.   Thus, the motion will be granted as regards Plaintiff's fraud claim.

Finally, as regards Plaintiff's OPLA claims, Defendant asserts Plaintiff's OPLA claims, comprising of Counts II-IV of Plaintiff's Complaint, are subject to Ohio's two-year product liability statute of limitations. See Ohio Rev. Code § 2305.10(A).   Under § 2305.10(A), product liability claims must be brought within two years after the cause of action accrues, and the cause of action accrues when the injury occurs. Id.   However, pursuant to Ohio Rev. Code § 2305.10(B)(1), for injuries allegedly caused by medical devices, a cause of action accrues upon "the date on which the plaintiff is informed by competent medical authority that the plaintiff has an injury that is related to the exposure, or upon the date on which by the exercise of reasonable diligence the plaintiff should have known that the plaintiff has an injury that is related to the exposure, whichever date occurs first." Id.

Plaintiff alleges that sometime between December 18, 2013 (when Plaintiff underwent surgery to perform a "total knee arthroplasty" for his left knee) and August 16, 2016 (when

Plaintiff underwent "a revision surgery performed on his left knee" to "remove and replace the Product, as recommended by his medical professionals"), he began experiencing "severe pain and discomfort in his left knee." (Doc. 3, Complaint at ¶¶ 15-21). Thus, based on Plaintiff's own allegations, he knew no later than August 16, 2016 that his pain and discomfort which required revision surgery as recommended by his doctor, was allegedly caused by the Smith & Nephew Product implanted into Plaintiff in December 13, 2013. Nevertheless, Plaintiff did not file his Complaint until February 1, 2019, more than two years after his revision surgery on August 16, 2018. (Doc. 1, Notice of Removal at Exhibit A noting the date when Plaintiff filed his Complaint in state court with respect to his alleged injuries).

Plaintiff contends that his OPLA claims, comprising of Counts II-IV of Plaintiff's Complaint, are subject to Ohio's discovery rule. The Ohio Supreme Court has "reiterated that discovery of an injury alone is insufficient to start the statute of limitations running if at that time there is no indication of wrongful conduct of the defendant." *Norgard v. Brush Wellman*, 95 Ohio St. 3d 165, 167 (Ohio 2002). Moreover, the court has been careful to note that the discovery rule must be specially tailored to the particular context to which it is to be applied. Id., citing *Browning v. Burt*, 66 Ohio St. 3d 544, 559 (Ohio 1993).

"[A]bsent legislative definition, it is left to the judiciary to determine when a cause "arose" for purposes of statutes of limitations. *O'Stricker v. Jim Walter Corp.*, 4 Ohio St. 3d 84, 84 (Ohio 1983). In *O'Stricker*, the court held that the discovery rule entails a two-pronged test--i.e., discovery not just that one has been injured but also that the injury was "caused by the conduct of the defendant"--and that a statute of limitations does not begin to run until both prongs have been satisfied. Id. at 86.

Plaintiff asserts he "did not know that his injuries were caused by the wrongful conduct of Defendant until he retained counsel, which was less than two years before the filing of the complaint in this matter." The Court is dubious of a claim that Plaintiff learned the cause of the failure of Defendant's device during a routine physical administered by his attorney. Indeed, the Court is unaware of a reason for Plaintiff to seek the advice of counsel in this matter unless he had been aware of the failure of Defendant's device. Applying *O'Stricker*, the Sixth Circuit has concluded that the statute of limitations for a defective prosthesis begins to run as of the day it needed to be removed. *Griffin v. Am. Med. Sys.*, 106 F.3d 400, 1997 WL 6131, at *2 (6th Cir. Jan. 7, 1997); (accord *United States v. Kubrick*, 444 U.S. 111, 123 (1979)).

Plaintiff's common law and equitable claims are abrogated by the Ohio Product Liability Act. While Plaintiff has sought permission to replead his common law claims as OPLA claims, Plaintiff's OPLA claims are time barred. For this reason, Defendant's Motion to Dismiss, ECF 8, is **GRANTED** and Plaintiffs' Complaint is **DISMISSED WITH PREJUDICE**. The Clerk is **ORDERED** to **TERMINATE** the instant action from the docket of the United States District Court for the Southern District of Ohio.

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, January 9, 2020.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE